**BEFORE THE
UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: PORK INDIVIDUAL DIRECT PURCHASER ANTITRUST LITIGATION | MDL No. |

**PLAINTIFFS SYSCO CORPORATION'S AND CHENEY BROTHERS, INC.'S
JOINT MOTION FOR TRANSFER OF RELATED ACTIONS
PURSUANT TO 28 U.S.C. § 1407 FOR CONSOLIDATED PRE-TRIAL PROCEEDINGS**

Pursuant to 28 U.S.C. § 1407 and Rule 6.2(a) of the Rules of Procedure for the Judicial Panel on Multidistrict Litigation, Plaintiff Sysco Corporation ("Sysco") and Plaintiff Cheney Brothers, Inc. ("Cheney Bros.") (together, "Movants") respectfully move the Judicial Panel for Multidistrict Litigation for an Order for Transfer of the following case to the United States District Court for the Southern District of Texas to be consolidated with *Sysco Corporation v. Agri Stats, Inc. et al.*, Case No. 4:21-cv-00773 (S.D. Texas) (the "*Sysco* Action") for pretrial proceedings: *Cheney Brothers, Inc. v. Agri Stats, Inc. et al.*, 9:21-cv-80424-DMM (S.D. Fla.) (the "*Cheney Brothers* Action") (the *Sysco* and *Cheney Brothers* Actions together, the "Related Actions").

Alternatively, Movants respectfully request that the Related Actions be transferred pursuant to 28 U.S.C. § 1407 to the District of Minnesota, where they could be coordinated for pretrial proceedings with the individual direct purchaser actions currently part of the case captioned *In re Pork Antitrust Litigation*, Case No. 0:18-cv-01776-JRT-HB) (D. Minn.) before the Honorable John R. Tunheim and U.S. Magistrate Judge Hildy Bowbeer.  Movants also respectfully request that any subsequently filed "tag-along" individual Direct Purchaser actions brought in other courts be similarly transferred and consolidated under Rule 6.2 of the Rules of Procedure for

the Judicial Panel on Multidistrict Litigation to whichever District Court the Panel transfers and consolidates the Related Actions pursuant to 28 U.S.C. § 1407.

In support of the transfer and coordination of these actions, Plaintiffs aver to the following, as more fully set forth in the accompanying brief in support of this motion:

1.      The Related Actions allege a conspiracy, starting in or around 2009 to fix, raise, maintain, and stabilize the price of pork among the same group of Defendants in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.[1]  Defendants implemented and executed their conspiracy by, *inter alia*, coordinating output and limiting production with the intent and expected result of increasing pork prices in the United States.  In furtherance of their conspiracy, Defendants exchanged detailed, competitively sensitive, and closely-guarded non-public information about prices, capacity, sales volume, and demand through their co-conspirator, Defendant Agri Stats. Accordingly, the Related Actions share a clear commonality of legal theory and purported violations.

2.      As required by 28 U.S.C. § 1407(a), the Related Actions proposed for transfer and coordination "involv[e] one or more common questions of fact," including: (a) whether Defendants conspired to fix, raise, maintain, or stabilize the price of pork in the United States; (b) whether Defendants conspired to restrict the output and/or limit the production or pork with the intent and expected result of increasing pork prices in the United States; (c) whether Defendants exchanged detailed, competitively sensitive, and closely guarded non-public information about prices, capacity, sales volume, and demand for pork; (d) whether Defendants' conduct caused the prices

---

[1] The following Defendants in the Related Actions are the same: Agri Stats, Inc.; Clemens Food Group, LLC; The Clemens Family Corporation; Hormel Foods Corporation; JBS USA Food Company; Seaboard Foods LLC; Smithfield Foods, Inc.; Triumph Foods, LLC; Tyson Foods, Inc.; Tyson Prepared Foods, Inc.; and Tyson Fresh Meats, Inc.. The *Cheney Brothers* Action filed in the Southern District of Florida also names Hormel Foods, LLC as a Defendant.

of pork in the United States to be at artificially high and noncompetitive levels; (e) whether direct purchaser Plaintiffs were injured by Defendants' conduct; and (f) whether Plaintiffs are entitled to, among other things, injunctive relief, and, if so, the nature and extent of such injunctive relief.

3.      There is sufficient numerosity to support transfer of the Related Actions for coordinated pretrial proceedings in light of the two recently-filed individual Direct Purchaser actions making up the Related Actions, as well as the anticipated filing of dozens of additional individual Direct Purchaser actions in the wake of the recently announced settlement between the Direct Purchaser Class Action plaintiffs and the Defendants in *In re Pork Antitrust Litigation*.

4.      Transfer of the Related Actions for consolidated or coordinated pretrial proceedings would be appropriate in either the United States District Court for the Southern District of Texas, Houston Division, or in the District of Minnesota in Minneapolis where *In re Pork Antitrust Litigation*, Case No. 18-cv-1776 (JRT/HB) is pending.

5.      Plaintiffs base this Motion on the Brief in Support of this Motion to Transfer, and such other matters as may be presented to the Panel at the time of  hearing.

Dated: March 10, 2021

Respectfully submitted,

/s/ Michael S. Mitchell
Scott E. Gant
Michael S. Mitchell
BOIES SCHILLER FLEXNER LLP
1401 New York Ave., NW
Washington, DC 20005
Tel: 202-237-2727
Fax: 202-237-6131
sgant@bsfllp.com
mmitchell@bsfllp.com

Colleen Harrison
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Tel: 914-749-8204
Fax: 914-749-8300
charrison@bsfllp.com

*Counsel for Plaintiff/Movant Sysco Corporation*

/s/ David B. Esau
David B. Esau (Florida Bar No. 650331)
Kristin A. Gore (Florida Bar No. 59090)
Garth T. Yearick (Florida Bar No. 96105)
CARLTON FIELDS, P.A.
525 Okeechobee Boulevard, Suite 1200
West Palm Beach, Florida  33401
Tel: (561) 659-7070
Fax: (561) 659-7368
desau@carltonfields.com
kgore@carltonfields.com
gyearick@carltonfields.com

*Counsel for Plaintiff/Movant Cheney Brothers, Inc.*